UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MARVIN GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:15-CV-024-JRG-MCLC |
| ) | |
| JAMES HOLLOWAY, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

This is a pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Now before the Court is Respondent's motion to dismiss the petition as time-barred [Doc. 13]. Petitioner has not filed a response in opposition to the motion to dismiss, but rather has filed a motion for leave to add additional claims [Doc. 16]. For the following reasons, the motion to dismiss [Doc. 8] will be **GRANTED**, Petitioner's motion to add additional claims [Doc. 16] will be **DENIED**, and this action will be **DISMISSED**.

The Court previously summarized the procedural history as to Petitioner's relevant convictions as follows:

> On January 8, 2008, petitioner pleaded guilty to the following charges:
>
> > possessing marijuana, possessing .5 grams or more of cocaine with intent to sell or deliver within 1000 feet of a school, one count of maintaining a dwelling where controlled substances were kept or sold, and one count of possessing drug paraphernalia.
>
> *State v. Green*, No. E2013-02425-CCA-R3-CD, 2014 WL 2957716, at *1 (Tenn. Crim. App. June 30, 2014). Petitioner filed an appeal of his convictions to the Tennessee Court of Criminal Appeals which was dismissed on August 29, 2008, due to plaintiff's failure

> to file a brief [Doc. 37-1]. It does not appear that petitioner sought permission to appeal this dismissal to the Tennessee Supreme Court.
>
> In 2011, petitioner filed a petition for habeas corpus relief which was dismissed, and the Tennessee Court of Criminal Appeals upheld that dismissal [Doc. 37-4 and Doc. 37-3 p. 1]. In 2013, petitioner filed his first motion seeking post-conviction relief which was dismissed as time-barred, as well as on the merits [Doc. 37-2 p. 4]. Plaintiff also filed various other motions attacking his conviction and/or sentence in 2013, all of which were denied, and the Tennessee Court of Criminal Appeals affirmed these denials [Docs. 37-2 and 37-3].

*Green v. Schofield*, Civil Case No. 2:15-CV-064 [Doc. 50 p. 1–2] (E.D. Tenn. May 1, 2015).

Petitioner filed the instant §2254 petition on or about January 20, 2015 [Doc. 1-6].[1]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review . . . . [or]
>
> \*     \*     \*
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . .

---

[1] The § 2254 petition is not dated [Doc. 1]. Further, while the prison's stamp on the envelope in which the Petitioner sent the petition and related documents to the Court states that it was placed in outgoing mail on January 20, 2014 [Doc. 1-6], the actual mail stamp on the envelope is dated January 20, 2015 [*Id.*], Petitioner signed the prison trust fund affidavit he filed with the petition on January 20, 2015 [Doc. 1-5 at 2], and this Court received the § 2254 petition on January 23, 2015 [Doc. 1 at 1]. Thus, it appears that the prison mistakenly stamped the envelope with the year 2014 when it was actually placed in the mail on January 20, 2015, which would be the relevant date of filing for the § 2254 petition. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Regardless, as set forth more fully herein, even if the complaint were filed on January 24, 2014, the claims therein would still be time-barred.

28 U.S.C. § 2244(d)(1). However, the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

As set forth above, Petitioner's appeal of his underlying convictions was dismissed on August 29, 2008. It does not appear that Petitioner appealed this dismissal to the Tennessee Supreme Court, as he could have done within sixty days of the dismissal. Tenn. R. App. P. 11(b). As such, the AEDPA one-year statute of limitations expired no later than October 29, 2009, a year after the date on which Petitioner could have filed an appeal of this dismissal.

Petitioner's § 2254 petition was not filed until January 20, 2014 or 2015, however. Moreover, Petitioner's state court filings seeking review of his convictions after October 29, 2009, would not affect Petitioner's time to file an AEDPA petition. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that "[t[he tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run"). Further, none of the new claims that Petitioner seeks to assert in his motion to add additional claims [Doc. 16] asserts a new constitutional right recognized by the Supreme Court within the year prior to Petitioner filing that motion. Thus, all claims in both Petitioner's original § 2254 petition [Doc. 1] and his motion to add additional claims [Doc. 16] are clearly time-barred, unless something tolled the statute of limitations.

The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioners have the burden of demonstrating that they are entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights

3

diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

Petitioner's only argument for equitable tolling is that he had a language barrier until November 6, 2013 [Doc. 16 at 2]. In support of this assertion, Petitioner cites page two of the attached state court documents [*Id.*]. The only statement on page two of the attached state court documents that could support Petitioner's assertion that he had a "language barrier," however, is a footnote in a state court filing in which Petitioner asserted that he did not "understand the science of law" due to a lack of education, in support of which Petitioner cited the high school equivalency diploma ("GED") that he received on November 6, 2013, during his incarceration [Doc. 16-1 at 2, 19]. Thus, it appears that Petitioner asserts that he is entitled to equitable tolling for his habeas petition because he did not understand the law until after he received his GED on November 6, 2013.

To the extent that Petitioner filed the instant § 2254 petition on January 20, 2015, however, this is more than a year after Petitioner asserts that he overcame the alleged language barrier, and any such language barrier would not be sufficient to establish that the petition is timely under the AEDPA.

4

Moreover, even if the Court finds that the date on which the prison stamped the envelope for the § 2254 petition was correct such that the petition was actually filed on January 20, 2014, rather than January 20, 2015, the Sixth Circuit has held that "an inmate's lack of legal training, his poor education, [and] even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citations omitted). Thus, Petitioner's lack of education and/or lack of understanding of the law would be insufficient to establish that Petitioner is entitled to equitable tolling for the AEDPA statute of limitations.

As such, Respondent's motion to dismiss the § 2254 petition as time-barred [Doc. 13] will be **GRANTED**, Petitioner's motion for leave to add additional claims [Doc. 16] will be **DENIED** as the proposed amendments to the § 2254 petition would be moot, *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that a motion to amend a complaint may be denied where the proposed amendments would be futile), and this § 2254 petition will be **DISMISSED**.

Finally, the Court must consider whether to issue a certificate of appealability (COA), should petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). As reasonable jurors would not debate the correctness of the Court's procedural rulings, a COA will not issue.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE